IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOANN ERHARDT,** | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil Case No. 2:06 cv 807 -ID |
| | * | |
| **THERAPEUTIC PROGRAMS, INC.,** | * | |
| **Defendant.** | * | ***JURY TRIAL DEMANDED*** |

## COMPLAINT

COMES NOW Plaintiff JoAnn Erhardt (hereinafter, "Plaintiff"), against the above-captioned defendant, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq. (Title VII of the Civil Rights Act of 1964, as amended), 29 U.S.C. § 623, et seq. (Age Discrimination in Employment Act [ADEA]), and 42 U.S.C. § 1981.

2. Venue is proper since the violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

3. Plaintiff has exhausted all administrative procedures prerequisite to bringing this action as to her claims under Title VII and the ADEA by virtue of having received a "Notice of Right to Sue," received June 13, 2006, granting her the right to bring this action which

1

was brought within 90 days of receipt of the said letter, thus satisfying jurisdictional requirements and conditions precedent to the bringing of the action.

## PARTIES

4. Plaintiff, who is over the age of 19 years, is and at all times material hereto was a member of two protected classes, female, and over 40 years of age, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

5. Defendant Therapeutic Programs, Inc. (hereinafter, "the employer") is a private business entity which operates therapeutic foster homes throughout Alabama.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff because of her gender and age and because she opposed an unlawful employment practice, race discrimination. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by Plaintiff but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for the wrongs alleged herein or, in the alternative, nominal damages. Further, Plaintiff seeks prospective injunctive relief.

7. Plaintiff avers that the defendant acted to deny Plaintiff her rights under the laws of the United States of America and that such actions by the defendant were designed to discriminate against her as to employment.

8. Plaintiff avers that the actions of the defendant were intended to specifically deny her rights because she is female.

9. Plaintiff avers that the actions of the defendant were intended to specifically deny her rights because she is over 40 years of age.

10. Plaintiff avers that the actions of the defendant were intended to specifically deny her rights because she opposed an unlawful employment practice, race discrimination.

11. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of employment, pay, benefits, seniority, tenure, and opportunity for further promotion and pay increases.

12. As a direct and proximate result of the aforesaid acts of the defendant, Plaintiff has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

13. Plaintiff avers that the defendant acted willfully, knowingly, and purposefully with the intent to deprive Plaintiff of her rights as alleged above and to cause Plaintiff mental anguish and public ridicule and to discriminate against her because of her race and age.

## FACTS

14. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

15. Plaintiff is a female over the age of 40.

16. Plaintiff is a licensed social worker with a master's degree in counseling, and has been so licensed for at least twelve years.

17. Plaintiff held the position of social work supervisor and family consultant supervisor in the employer's Montgomery, Alabama, program.

18. On or about November 28, 2005, Plaintiff wrote a memorandum in support of a subordinate who complained of race discrimination on the part of a Program Director employed by the defendant in another city. That memorandum was a follow-up to two verbal reports she had previously made in support of her subordinate's claim.

19. At the time of the writing of her memorandum, there was a vacancy as Program Director of the Montgomery, Alabama, program.

20. The position of Program Director was a higher position than the one Plaintiff held.

21. Plaintiff was well-qualified for that position.

22. Plaintiff applied for that position.

23. On or about December 15, 2005, Plaintiff's application was rejected, and the position was given to a substantially younger male.

24. The successful applicant was the person who had been the subject of Plaintiff's memorandum in opposition to race discrimination.

25. The successful applicant was unqualified in that he did not hold credentials required to license foster homes and did not have the requisite supervisory experience.

26. Plaintiff's credentials and supervisory experience were sufficient to meet the qualifications for the position.

27. Plaintiff has been denied opportunities for promotion and advancement because of her age, over 40, her gender, female, and her opposition to unlawful race discrimination.

28. Plaintiff has been damaged thereby.

## CAUSES OF ACTION

29. As to each of the following causes of action, Plaintiff expressly adopts as if fully set forth in each cause of action the allegations of all foregoing paragraphs.

### COUNT I – RETALIATION (42 U.S.C. § 2000e and 42 U.S.C. § 1981)

30. Plaintiff opposed unlawful race discrimination.

31. A higher-grade job was available, and the defendant sought applicants to fill it.

32. Plaintiff was qualified for the position.

33. Plaintiff applied for the position.

34. Plaintiff's application was rejected.

35. The position remained open, and the person who had been accused of race discrimination was selected for the position.

36. Plaintiff has been damaged by the conduct of the defendant in that she has been denied promotions and advancement and has been denied increased pay, title, prestige and status. She has been further damaged in that she has been denied an opportunity to move into a management position in which she would have opportunity for future advancement. She has been further damaged in that she has suffered emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

### COUNT II – AGE DISCRIMINATION (29 U.S.C. § 623)

37. Plaintiff is a member of a protected group, over 40 years of age.

38. A job was available, and the defendant sought applicants to fill it.

39. Plaintiff was qualified for the position.

40. Plaintiff applied for the position.

41. Plaintiff's application was rejected.

42. The position remained open, and a member of a non-protected group, a person substantially younger than Plaintiff, was selected for the position.

43. The successful applicant had qualifications significantly less than those of Plaintiff, including significantly less experience than that of Plaintiff. In fact, the successful applicant was unqualified for the position.

44. Plaintiff has been damaged by the conduct of the defendant in that she has been denied a position and has been denied increased pay, title, prestige and status. She has been further damaged in that she has been denied an opportunity to move into a management position in which she will have opportunity for future advancement. She has been further damaged in that she has suffered emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

## COUNT III – SEX DISCRIMINATION (42 U.S.C. § 2000e)

45. Plaintiff is a member of a protected group, female.

46. A job was available, and the defendant sought applicants to fill it.

47. Plaintiff was qualified for the position.

48. Plaintiff applied for the position.

49. Plaintiff's application was rejected.

50. The position remained open, and a member of a non-protected group, a male person, was selected for the position.

51. The successful applicant had qualifications significantly less than those of Plaintiff, including significantly less experience than that of Plaintiff. In fact, the successful applicant was unqualified for the position.

52. Plaintiff has been damaged by the conduct of the defendant in that she has been denied a position and has been denied increased pay, title, prestige and status. She has been further damaged in that she has been denied an opportunity to move into a management position in which she will have opportunity for future advancement. She has been further damaged in that she has suffered emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor as follows:

a) Enter a declaratory judgment that the discriminatory and harassing practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1870, and the Age Discrimination in Employment Act;

b) Permanently enjoin the defendants, their agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of race or age;

d)  Grant compensatory damages of Three Hundred Thousand Dollars ($300,000.00) for violations of Title VII including sex discrimination;

e)  Grant statutory damages and liquidated damages for violations of the Age Discrimination in Employment Act;

f)  Grant compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00) for violation of the Civil Rights Act of 1870, 42 U.S.C. §§ 1981;

g)  Order the defendant to make Plaintiff whole by hiring Plaintiff for the position sought or the equivalent of such position;

h)  Grant equitable relief to Plaintiff, including back pay and instatement or, in lieu of instatement, a reasonable sum of money by way of front pay;

i)  In the alternative, grant to Plaintiff nominal damages and equitable relief;

j)  Grant Plaintiff the cost of this action including attorneys' fees and expenses;

k)  Grant such other, further and different relief, both legal and equitable, as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED on this the ___7___ day of ___September___, 2006.

JAY LEWIS (LEW031)
Plaintiff's attorney

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

8